**DICKINSON WRIGHT PLLC**
Cynthia L. Alexander, Esq. (SBN 6718)
3883 Howard Hughes Parkway, Ste. 800
Las Vegas, NV 89169-2210
Tel: (702) 550-4400
Fax: (844) 670-6009
Email: calexander@dickinsonwright.com

*Attorneys for Plaintiff Green Farms Nevada, LLC, d/b/a Worldwide Produce*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREEN FARMS NEVADA, LLC, d/b/a WORLDWIDE PRODUCE,<br><br>Plaintiff,<br><br>vs.<br><br>DELCER FRESH PRODUCE, INC., d/b/a LAS VEGAS SUPPLY and JORGE DELGADO BARRERA,<br><br>Defendants. | CASE NO.: 2:26-cv-01252-JCM-NJK<br><br>**STIPULATION AND ORDER** |

Plaintiff Green Farms Nevada, LLC d/b/a Worldwide Produce ("Worldwide Produce" or "Plaintiff") and defendants Delcer Fresh Produce, Inc., d/b/a Las Vegas Supply ("Las Vegas Supply") and Jorge Delgado Barrera ("Barrera") (Las Vegas Supply and Barrera are collectively, "Defendants") (Plaintiff and Defendants are collectively, the "Parties"), by and through their undersigned attorneys, agree and stipulate to the following:

1.      Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA"), of Defendants, jointly and severally, for a debt in the principal amount of $46,829.29, plus accrued interest at the rate of 18% *per annum* through December 5, 2025 in the amount of $10,623.19, plus the filing fee



in the amount of $500.00, and reasonable attorneys' fees and legal expenses incurred by Plaintiff in the amount of $7,500.00 for a total debt under PACA in the amount of $65,452.48 (the "PACA Trust Debt") plus accrued interest at the rate of 3.61% *per annum* from December 5, 2025 until paid,.

2.      For full and final satisfaction of Plaintiff' claims, subject to the terms and conditions of this Stipulation and Order, Defendants shall pay to Plaintiff the sum of $51,829.29 (the "Settlement Amount") as follows: (a) the sum of $18,000.00 on or before June 30, 2026 (the "Initial Payment"); and (b) monthly installments of $1,500.00 each commencing on July 27, 2026 and continuing on the 27th day of each month until the Settlement Amount is paid in full.  All payments to be made under this Stipulation and Order shall be paid so as to be received on or before 3:00 PM Eastern Time on the date due, TIME BEING OF THE ESSENCE.  All payments to be made pursuant to this Stipulation and Order shall be paid by, bank check, wire transfer or ACH according to separately provided wire instructions.

3.      In the event Defendants default in any of their payment obligations as set forth in Paragraph 2 above, Defendants shall have the right to cure such default by paying the amount due, or delivering the Financial Records, within three days after notice of such default is sent to defendants via email at jorgeldb@lasvegas-supply.com.   Notwithstanding the foregoing, Defendants' right to cure a default as provided hereinabove shall be limited to two (2) such occurrences, and this provision is of the essence.  In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendants' curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

4.      In the event Defendants default in their payment obligations as set forth in Paragraph 2 above, and Defendants either fail to cure such default or are not allowed to cure such default pursuant to Paragraph 3 above, then upon the filing with the Court of a declaration as to



such default by Plaintiff's attorney, with a copy to Defendants via email at the address set forth in Paragraph 3, this Court shall immediately enter a Final Order and Judgment in a form substantially similar to the one attached hereto as <u>Exhibit A</u>.  The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Defendants, jointly and severally, shall be the amount of the PACA Trust Debt set forth in Paragraph 1 above plus any additional attorneys' fees and costs incurred by Plaintiff following the date of this Stipulation and Order, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order.

5.      The Parties' agreement to the payments set forth in Paragraph 2 above is without prejudice to Plaintiff's standing as qualified PACA trust creditor and beneficiary as set forth in Paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. § 46.46(c)(2) and 7 C.F.R. § 46.46(e)(3).  The original credit terms between the Parties are not intended to be modified, nor are they modified by this Stipulation and Order.  Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff' rights under this Stipulation and Order are in addition to their rights under the trust.

6.      Without altering or limiting any other provision of this Stipulation and Order, Plaintiff (and their counsel) and Defendants shall each: (a) cooperate with the other in good faith; and (b) timely execute and deliver such documents and other things as may be necessary to effectuate the provisions of this Stipulation and Order, including but not limited to entry of judgment as contemplated herein.



7.      No delay or failure by either Party to exercise any right under this Stipulation and Order, and no partial or single exercise of any right, shall constitute a waiver of that or any other right, unless stated otherwise in writing.

8.      This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in Counterparts, and collectively all signed Counterparts represent one agreement.  Facsimile or electronic signatures shall be deemed originals for all purposes.

9.      The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys and having availed themselves of that opportunity to the extent they desired to do so.

10.      This action shall be held in abeyance, and the Court shall retain jurisdiction over this action and the Parties during the pendency of the application of this Stipulation and Order in order to enforce the terms and conditions hereof.  All dates and deadlines imposed by operation of the Federal Rules of Civil Procedure or prior orders of this Court are adjourned *sine die*.

11.      This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives.

//

//

//

//

//

//

//

//



4 of 8

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

Dated this ___ day of June, 2026.

DICKINSON WRIGHT, PLLC
Attorneys for Plaintiff

DELCER FRESH PRODUCE, INC.,
d/b/a LAS VEGAS SUPPLY

By:    _/s/ Cynthia L. Alexander_
Cynthia L Alexander
3883 Howard Hughes Pkwy, Suite 800
Las Vegas, Nevada 89169
(702) 550-4400
calexander@dickinsonwright.com

By:    _____
Jorge Delgado Barrera, President

JORGE DELGADO BARRERA

By:    _____
Jorge Delgado Barrera, Individually

Defendants

**SO ORDERED:**
SIGNED AND ENTERED this __10th__ day of ___July_____, 2026.

_____
UNITED STATES DISTRICT JUDGE



DICKINSON WRIGHT
ATTORNEYS AT LAW